# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Richard Lee Mitchell, | Case No.: 2:20-cv-02044-JAD-EJY |
| Petitioner | |
| v. | **Order Dismissing Habeas Petition as Unexhausted** |
| State of Nevada, et al., | [ECF Nos. 1, 1-1, 1-2] |
| Respondents | |

Petitioner Richard Lee Mitchell filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2018 and 2019 Nevada state-court convictions.[1]  He applies to proceed in forma pauperis and asks the court to appoint him counsel.[2]  Although I grant his application for in forma pauperis status, I dismiss his petition without prejudice as unexhausted and deny as moot his request for court-appointed counsel.

## Discussion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised.[3]  A petitioner must give the state courts a fair opportunity to act on each of the claims before she or he presents those claims in a federal habeas petition.[4]  A claim remains unexhausted until the petitioner has given the highest

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[4] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[5]

Here, Mitchell challenges his conviction entered upon a guilty plea but states that he did not file a direct appeal or a state postconviction habeas corpus petition.  He therefore has not exhausted his state-court remedies with respect to any of his claims.  The court also notes that Mitchell states that he has filed this petition more than one year after his judgment of conviction was filed, so it appears to be untimely, too.[6]  Accordingly, this federal petition is dismissed without prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that **the Clerk of Court is directed to** detach and file the petition [ECF No. 1-1] and petitioner's motion for appointment of counsel [ECF No. 1-2].

IT IS FURTHER ORDERED that the petition is **DISMISSED** without prejudice, **and a certificate of appealability is DENIED** because jurists of reason would not find this result debatable or wrong.

IT IS FURTHER ORDERED that the application to proceed in forma pauperis **[ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 1-2] is DENIED** as moot.

---

[5] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[6] 28 U.S.C. § 2244(d).

IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

Dated: December 14, 2020

_____
U.S. District Judge Jennifer A. Dorsey